IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

September 16, 2020

**TAMARA CHARLES
CLERK OF THE COURT**



IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ISLAND AIRLINES LLC, EAGLE AVIATION, LLC ) <br> and TROND OSTHAUG, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WILLIAM BOHLKE, JR., BOHLKE ) <br> INTERNATIONAL AIRWAYS, INC., WILLIAM R. ) <br> BOHLKE, MICHAEL JOHNSON, VIRGIN ISLANDS ) <br> PORT AUTHORITY, and DAVID W. MAPP, ) <br> ASSISTANT EXECUTIVE DIRECTOR OF THE ) <br> VIRGIN ISLANDS PORT AUTHORITY IN HIS ) <br> OFFICIAL AND INDIVIDUAL CAPACITY, ) <br> ) <br> Defendants. ) | **CASE NO.: SX-16-CV-404** <br><br> ACTION FOR DEFAMATION, <br> CONSPIRACY AND TORTIOUS <br> INTERFERENCE <br><br> **2020 VI Super 83U** |

## MEMORANDUM OPINION and ORDER

¶ 1 Before the Court is Defendants William Bohlke, Jr., William R. Bohlke and Bohlke International Airways, Inc.'s (BIA) Motion to Reconsider, filed April 23, 2020, seeking reconsideration pursuant to V.I. R. Civ. P. 6-4(b) of the March 6, 2020 Order denying Bohlke Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint (Complaint). Plaintiffs' Opposition to Defendants' Motion to Reconsider was filed May 27, 2020, Defendants' Reply was filed June 16, 2020, and the Motion came on for oral argument July 28, 2020. For the reasons that follow, the Motion to Reconsider will be granted in part and denied in part.

¶ 2 The March 6, 2020 Order recognized that the Virgin Islands is a notice pleading jurisdiction such that a plaintiff's complaint will be deemed sufficient if it sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief." V.I. R. Civ. P. 8(a)(2). The Order denied the Motion to Dismiss, finding that Plaintiffs' Complaint adequately alleged facts to put Bohlke Defendants on notice of the claims against them, citing *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017). The present Motion to Reconsider argues that Bohlke Defendants are entitled to relief under Rule 6-4(b)(3), claiming that Court committed clear error in failing to consider the legal insufficiency of Plaintiffs' claims. Although the Complaint is replete with facts putting them on notice of Plaintiffs' claims, Bohlke Defendants contend that the Rule 8(a)(2) pleading standard is not met because those alleged facts, accepted as true, do not set forth any legally sufficient claims and, therefore, fail to show that Plaintiffs are entitled to relief.

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 2 of 17

2020 VI Super 83U

## BACKGROUND

¶ 3    By the allegations of Plaintiffs' Complaint, accepted as true for this review, Plaintiffs Island Airlines, LLC and Eagle Aviation, LLC are Virgin Islands limited liability companies, and Plaintiff Trond Osthaug, a Virgin Islands resident, is the sole member of each. Island Airlines operates an air charter company doing on demand charters and medical evacuation flights. In connection with its business, Island Airlines determined to have its sister company, Eagle Aviation, establish its own hangar, purchase fuel trucks and ground equipment necessary to obtain certification as a fixed-base operator at the Henry Rohlsen Airport in St. Croix in order to engage in fuel sales to Island Airlines and other private and public customers.

¶ 4    Defendant BIA is a Virgin Islands corporation and is the only fixed-based operator at the airport in St. Croix with the only concession to sell jet fuel. Defendants William Bohlke, Jr. and William R. Bohlke are residents of the Virgin Islands. Defendant David Mapp was at relevant times the assistant executive director of the Virgin Islands Port Authority (VIPA) and manager of the Rohlsen Airport. Defendant Michael Johnson is a former employee of Island Airlines, originally hired as a pilot, subsequently acting as office manager.

¶ 5    The Complaint alleges the following causes of action against Defendants BIA, William Bohlke, Jr. and William R. Bohlke as a group, without differentiating among them:

| | |
|---|---|
| Count I: | Tortious Interference with Existing Contractual and Prospective Business Relations |
| Count II: | Civil Conspiracy to Tortiously Interfere with Contractual and Prospective Business Relations |
| Count III: | Conversion |
| Count IV: | Conspiracy to Commit Violations of Virgin Islands Antimonopoly Act 11 V.I.C. §1501, et seq. |
| Count VI: | Violation of Virgin Islands Unfair Trade Practices Act 12A V.I.C. §101, et seq. |
| Count VIII: | Defamation |
| Count X: | Conspiracy to Violate 14 V I C § 461 to Access Computer for Fraudulent Purposes |

¶ 6    In 2014, Eagle Aviation made a proposal to VIPA, through Mapp and the VIPA executive board, to allow Eagle Aviation to gain certification as a fixed-based operator in St. Croix, which would grant it authorization to sell jet fuel at Rohlsen Airport in competition with BIA. VIPA represented to Eagle Aviation that if it broke ground on a hangar, it would receive a temporary concession from VIPA to sell fuel. In reliance, Eagle Aviation purchased additional fuel trucks and broke ground on the hangar construction in 2015.

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 3 of 17

2020 VI Super 83U

¶ 7    During the same period, Island Airlines secured a certificate of need from the Virgin Islands government and entered into a business relationship with MASA [Medical Air Services Association] to perform air ambulance medical evacuation services from St. Croix. Island Airlines anticipated basing its planes and personnel in St. Croix, allowing it to operate at lower cost, relying upon its ability to purchase jet fuel in St. Croix from Eagle Aviation's fuel concession. After Island Airlines' agreement with MASA and after Eagle Aviation broke ground on the hangar, VIPA informed Eagle Aviation on October 26, 2015 that additional conditions would be required for it to secure the fuel concession, namely that completion of its hangar would be required by February 16, 2016 with fuel storage facilities on site. Eagle Aviation was unable to meet VIPA's revised conditions and did not receive the fuel concession, leaving BIA as the only entity permitted to sell jet fuel in St. Croix.

¶ 8    On September 14, 2015, Johnson resigned from Island Airlines, without notice, following which he allegedly illegally accessed and stole confidential business records of Island Airlines that he provided to Bohlke Defendants, who had conspired to hire Johnson away from Island Airlines. Bohlke Defendants and Johnson used the confidential information to contact MASA on multiple occasions to attempt to have MASA transfer its business to BIA.

¶ 9    Bohlke Defendants and Johnson also conspired together to make knowingly false claims to the Federal Aviation Administration (FAA), including false claims that Island Airlines was involved in an illegal charter, prompting an FAA investigation and stalling the completion of the FAA permitting process for Island Airlines' planes and operations. Additionally, Bohlke Defendants made claims regarding Island Airlines to U.S. Customs and wrote letters to VIPA board members alleging misconduct on the part of Island Airlines.

¶ 10    As a result of the interference by Bohlke Defendants, the fuel concession agreement that Eagle Aviation should have received from VIPA was denied. All Plaintiffs claim that they have suffered economic damages as a result, and Plaintiff Osthaug claims to have suffered mental anguish and loss of enjoyment of life, that will continue in the future.

## DISCUSSION

¶ 11    The Motion to Reconsider asserts that, notwithstanding the Complaint's allegations setting forth voluminous facts determined by the March 6, 2020 Order as sufficient to put Defendants on

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 4 of 17

2020 VI Super 83U

notice of the claims brought against them, reconsideration is necessary because those facts alleged fail to show that Plaintiffs are entitled to relief as required by Rule 8(a)(2). Rather, Plaintiffs have presented claims that are legally not viable, and Defendants' Rule 12(b)(6) Motion to Dismiss should have been granted. All material allegations of the Complaint are construed in the light most favorable to Plaintiffs as non-movants, and all reasonable inferences are drawn in favor of the non-movants. *Nino v. The Jewelry Exchange*, 50 V.I. 929, 932 (D.V.I. 2008) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); other citations omitted). The claims against the Bohlke Defendants are addressed seriatim.

¶ 12    Count I: Tortious Interference with Existing Contractual and Prospective Business Relations.

To prevail on a claim for intentional interference with existing contractual relations in the Virgin Islands, a plaintiff must prove: (1) the existence of a contract between the plaintiff and a third party; (2) that the defendant knew of the contract; (3) that the defendant interfered with the contract using improper means or with an improper motive; and (4) that the plaintiff was damaged as a result. *Donastorg v. Daily News Publishing Co., Inc.*, 63 V.I. 196, 288 (V.I. Super. 2015).

¶ 13    To prevail on a claim for interference with prospective business relations, a plaintiff must demonstrate: (1) the existence of a professional or business relation that is reasonably certain to produce an economic benefit for the plaintiff; (2) intentional interference with that relationship by the defendant; (3) that was accomplished through improper means or for an improper purpose; and (4) that the defendant's interference damaged the plaintiff. *Id.* at 293.

¶ 14    Here, Plaintiffs allege that Eagle Aviation made a proposal to which VIPA agreed to permit Eagle to build a hangar and establish a fuel dispensing concession at the St. Croix airport in competition with BIA's jet fueling operation. Defendants assert that even if Eagle had succeeded in securing certification as a fixed-base operator, such status does not constitute a contractual relationship between Eagle and VIPA. Regardless, Eagle Aviation failed to meet necessary VIPA prerequisites for certification such that no relationship between them was ever established. Yet Plaintiffs' allegations, accepted as true, set forth that VIPA represented to Eagle that it would be granted a temporary concession to sell fuel upon breaking ground on its hangar. In reliance, Eagle borrowed and spent funds, purchased fuel trucks and ground equipment, and began construction of a hangar. Further, Island Airlines, with a certificate of need from the government, entered into a business relationship with MASA to perform medical evacuations. Island Airlines' prospective

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 5 of 17

2020 VI Super 83U

operation was dependent for its economic viability on its sister company's commencement of its fuel concession in St. Croix. During this process, the Complaint alleges that Bohlke Defendants learned of Eagle's pending agreement with VIPA and, through their personal relationship with Mapp, sought to prevent Eagle Aviation from obtaining the fuel concession in order to maintain BIA's jet fuel sales monopoly on St. Croix. Plaintiffs allege that, using improper means, Bohlke Defendants interfered with Eagle's concession, which had the further effect of preventing Island Airlines from commencing the air ambulance operation contemplated in its business relationship with MASA. Plaintiffs claim that Bohlke Defendants improperly exploited their relationship with Mapp and engaged in illegal acts, including donations to government officials, which resulted in the denial of the promised fuel concession to Eagle. On account of Bohlkes' interference with these business relationships, both Eagle Aviation and Island Airlines suffered economic loss

¶ 15    Defendants argue that the claims presented in Count I, together with all other claims against Defendants William Bohlke, Jr. and William R. Bohlke, must be dismissed as the individual Bohlke Defendants cannot be held liable for acts committed by and on behalf of BIA. Defendants cite the central principle of corporate law, codified in 13 V.I.C. § 344(b), that "[n]o suit shall be brought against any officer, director or stockholder for any debt or liability of a corporation, of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation."

¶ 16    Here, Plaintiffs claim that BIA is "the only Fixed Based Operator (FBO) at the Henry Rohlsen Airport in St Croix with the only concession to sell jet fuel." Complaint, ¶ 8. Accordingly, the necessary inference drawn from the allegations of Count I is that the alleged interference of Bohlke Defendants with the Eagle-VIPA business relationship and with the Island Airways-MASA relationship was intended to further the business interests of BIA alone rather than any interests of either of the individual Bohlke Defendants. The Complaint asserts no facts of any individual or personal conduct of either of the individual Bohlke Defendants, but conflates all actions alleged throughout as actions of "the Bohlke Defendants."

¶ 17    In its 183 paragraphs, the Complaint never defines the relationships among Bohlke Defendants. The Motion seeks to do so, providing factual information not set forth within the Complaint's allegations and not otherwise existing in the record that all actions taken by the individual Bohlke Defendants were taken while "they were acting as agents, employees, or officers

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 6 of 17

2020 VI Super 83U

of the company, namely Bohlke International Airways, Inc." Motion, at 8.

¶ 18    The Virgin Islands District Court denied a Rule 12(b)(6) motion in a case where a corporate employee brought an action for intentional infliction of emotional distress against his employer and a supervisory employee, finding that "[t]he Court lacks the necessary information regarding these individuals' respective roles at [the employer corporation] to determine whether they had sufficient authority to act as [the corporation] itself, or whether they were mere supervisory employees." Accepting the complaint's allegations as true, the District Court was unable to determine "at this stage of the proceedings" whether the individual defendant was acting as "the alter ego" of the corporate defendant. *Nino v. The Jewelry Exchange*, 50 V.I. at 935.

¶ 19    The Complaint here alleges that Bohlke Defendants, including the individual Defendants, made knowingly false claims and reports to the FAA, to U.S. Customs and to the VIPA board, interfering with Plaintiffs' relationships with VIPA and MASA and resulting in loss to Plaintiffs. (*See* Complaint, ¶¶ 47, 50, 51, 57, 58.) Further, Plaintiffs allege that Defendants (not limited to BIA) have maintained a monopoly to sell jet fuel on St. Croix since 1975 by means of illegal acts, "donations" to government officials and other favors, and that the individual Defendants interfered with Plaintiffs' business relationships by seeking favors from their friends, including Mapp. (*Id.* ¶¶ 10, 71.) The Court may be inclined to infer from the allegations of the Complaint that all actions taken by Bohlke Defendants were to benefit BIA, and that the individual Bohlke Defendants have no independent interest in the sale of jet fuel apart from their relationships with BIA.

¶ 20    In presenting a claim against a corporate officer alleging tortious interference with a contractual relationship of the corporation, a plaintiff must plead and prove that the officer acted outside the scope of employment. "Generally, if an act is connected either directly or indirectly with the business of the employer (designed to benefit the employer's business), that act is conducted within the scope of employment." *Gruhlke v. Sioux Empire Fed. Credit Union, Inc.*, 2008 SD 89, ¶ 14 (S.D. 2008). Here, the nature of the relationships among the Bohlke Defendants, the scope of the authorization of the individual Bohlke Defendants to act on behalf of BIA, and whether the individual Bohlkes acted within that scope are facts not addressed in the Complaint. At this stage of the proceedings, with no recitation of facts in the record to put into full context the allegations of the Complaint, dismissal of the claims against the individual Bohlke Defendants is premature.

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 7 of 17

2020 VI Super 83U

¶ 21     A separate issue exists as to whether Plaintiff Osthaug has stated a claim against Bohlke Defendants upon which relief may be granted. The sole member of a limited liability company is an agent of the company for the purposes of its business. *See* 13 V.I.C § 1301(a). Plaintiff Eagle brings its claim against Defendants for interference with its business relationship with VIPA, and Plaintiff Island Airlines presents a similar claim concerning its relationship with MASA. Plaintiffs do not allege that Osthaug acted in any capacity other than as the sole member of each company. Complaint, ¶¶ 2, 3. The Complaint alleges that Osthaug invested funds and solicited and received funds from investors, not on his own account, but in furtherance of Eagle's hangar construction and anticipated fuel concession from VIPA. *Id.* ¶ 49. Plaintiffs allege economic losses and Osthaug claims that he suffered mental anguish and loss of enjoyment of life. *Id.* ¶ 61.

¶ 22     "The well-established general rule is that shareholders cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation that result in the diminution or destruction of the value of their stock." *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658 (N.C. 1997). Two exceptions to that general rule permit a shareholder to sue for injuries: (1) where a special duty exists, such as by contract, between the third party wrongdoer and the shareholder; and (2) where the shareholder suffered an injury separate and distinct from that of the corporation or other shareholders. *Id.* at 658-59 (citations omitted).

¶ 23     Plaintiff Osthaug makes no claim he has a special relationship with any Defendant individually, apart from his status as the sole member of Eagle Aviation and Island Airlines. He also claims no injury that he suffered personally separate and distinct from the alleged injuries to the companies. Osthaug does claim to have suffered "mental anguish suffering and loss of enjoyment of life" (Complaint, ¶ 61), but the torts of intentional interference by a third party with existing contractual or prospective business relations "protect[] an anticipated economic advantage to one's business dealings from the interference of others." *Donastorg v. Daily News Publishing Co., Inc.*, 63 V.I. at 280.

¶ 24     Plaintiff Osthaug claims no personal relationship with Defendants giving rise to a special duty to him personally and claims no anticipated economic loss separate and distinct from those of Eagle Aviation and Island Airlines. Rather, the economic loss Osthaug claims are the lost economic advantages that may have resulted from the business relationships of the jet fuel concession sought by Eagle from VIPA and Island Airlines' anticipated relationship with MASA

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 8 of 17

2020 VI Super 83U

providing air ambulance services. These are precisely the economic injuries allegedly suffered by the companies themselves, precluding Osthaug from presenting a separate and personal claim against Bohlke Defendants. Rather, his recovery, if any, for economic loss may only be realized as the member of the entities presenting the claims. Accordingly, the Motion will be granted as to Plaintiff Osthaug's claims of intentional interference with existing contractual relations and interference with prospective business relations against all moving Defendants, and those claims will be dismissed.

¶ 25    Count II: Civil Conspiracy to Tortiously Interfere with Contractual and Prospective Business Relations.

Under Virgin Islands law, a civil conspiracy consists of "an agreement or combination to perform a wrongful act, or lawful act by unlawful means, that results in damage to the plaintiff..." *Isaac v. Crichlow*, 63 V.I. 38, 64 (V.I. Super. 2015). Plaintiff alleges that "Defendants met with each other, engaged in private conversations in person and by telephone calls, texts, emails, and stolen confidential documents, to improperly interfere with Plaintiffs' contractual relations with MASA and future prospective business relations [with VIPA] as the second Fixed Based Operator on St Croix and the only other seller of jet fuel on St Croix." Complaint, ¶ 84.

¶ 26    Defendants argue that because the underlying torts of intentional interference with existing contractual relations and prospective business relations are not viable, Defendants cannot be liable for conspiring to commit such offenses. "There is no liability for civil conspiracy where there is no liability for the act or acts underlying the conspiracy." *Isaac v. Crichlow*, 63 V.I. at 65 (citation omitted). However, Plaintiffs' claims, other than those of Osthaug, have not been found at this stage of the litigation to be without legal viability.

¶ 27    Bohlke Defendants further argue that they are incapable of conspiring with each other as they are legally the same legal "person" for the purposes of analyzing a conspiracy. Under the intracorporate conspiracy doctrine, "an entity cannot conspire with one who acts as its agent," unless the agent is acting in a personal, non-corporate capacity. *Guardian Ins. Co. v. Khalil*, 63 V.I. 3, 22 (V.I. Super. 2012). Here, the Complaint does not allege that either of the individual Bohlke Defendants was acting in a non-corporate capacity or furthering any personal interests other than those of BIA.

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 9 of 17

2020 VI Super 83U

¶ 28    Yet, apart from the intracorporate relationship among the Bohlke Defendants, the Complaint alleges concerted action among Bohlke Defendants, VIPA, Mapp and Johnson. The essence of a civil conspiracy is two or more persons agreeing in some form and acting on a desire to accomplish an unlawful end. *See Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.,* 955 F. Supp. 441, 457 (D.V.I. 1997). For the reasons stated above, the underlying claims against the individual Bohlke Defendants will not be dismissed at this stage. The civil conspiracy count, alleging that all Defendants acted in agreement or combination to perform the wrongful act of interfering with the Plaintiff entities' business relationships, resulting in damage to them may go forward, and the Motion will be denied as to the claims of Eagle Aviation and Island Airlines, but will be granted as to the claims of Osthaug on the same basis as the dismissal of his claims in Count I.

¶ 29    Count III: Conversion.

"Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Chaput v. Scafidi,* 66 V.I. 160, 195 (V.I. 2017) (internal quotations and citations omitted). Conversion may be committed by intentionally engaging in any of several types of acts, one of which is obtaining possession of a chattel from another by fraud. *See Ross v. Hodge,* 58 V.I. 292, 308 (V.I. 2013).

¶ 30    Plaintiff Island Airlines alone makes this claim, alleging that Bohlke Defendants conspired with Defendant Johnson to have him resign his Island Airlines employment and to illegally gain access to Island Airlines' confidential corporate records and information that he provided to Bohlke Defendants and that was subsequently used on multiple occasions to contact MASA for the purpose of attempting to have MASA transfer its Island Airways' business to BIA. Complaint, ¶¶ 33, 35-36.

¶ 31    These allegations in the Complaint presented on behalf of Island Airlines are sufficient to plead a claim of conversion against Bohlke Defendants, providing adequate notice of such claim that Bohlke Defendants, in concert with Johnson, by fraudulent means intentionally gained and exercised dominion and control over property of Island Airlines, seriously interfering with Island Airlines' right to control its property.

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 10 of 17

2020 VI Super 83U

¶ 32    Bohlke Defendants argue that notwithstanding Plaintiffs' allegations that Defendants obtained and controlled of Island Airlines' information, the Complaint does not allege that Bohlke Defendants so seriously interfered with Island Airlines' right to control the information in issue that the claim cannot stand. Further, because there is no claim as to any valuation of the "property" allegedly converted, and because Island Airlines has not adequately pled any basis for its claim that the information was confidential as opposed to public information, Island Airlines' conversion claim must fail. All of these issues may ultimately prove dispositive on this count, but prior to discovery and any factual record before the Court, the claim of Island Airlines, but not of either other Plaintiff, alleging conversion against Bohlke Defendants will not be dismissed on the sufficiency of its pleading. To the extent that Count III seeks relief on behalf of Plaintiffs Osthaug and Eagle, because the conversion claims relate to property of Island Airlines only, those claims will be dismissed.

¶ 33 Count IV: Conspiracy to Commit Violations of Virgin Islands Antimonopoly Act 11 V.I.C. §1501, et seq.

>The Virgin Islands Antimonopoly Law states in part:
>
>Every person shall be deemed to have committed a violation of this chapter who shall: ...
>(2) By contract, combination, or conspiracy with one or more other persons unreasonably restrain trade or commerce; or
>(3) Establish, maintain, use or attempt to acquire monopoly power over any substantial part of trade or commerce of the United States Virgin Islands for the purpose of excluding competition or of controlling, fixing, or maintaining prices in such trade or commerce...

11 V.I.C. § 1503(2), (3).

¶ 34    Plaintiffs allege that BIA has established and maintains monopoly power over the sale of jet fuel in the St. Croix market of the Virgin Islands and has acted, in concert with Mapp and VIPA, to exclude Eagle Aviation from obtaining a concession to sell jet fuel in St. Croix. Eagle asserts that the actions of Bohlke Defendants, Mapp and VIPA violate the Antimonopoly Act by attempting to exclude competition, thereby controlling the price of fuel in St. Croix.

¶ 35    Defendants argue that because VIPA is neither a competitor nor a "person" under the Act, Eagle's claims that Bohlke Defendants conspired with VIPA must fail. Yet, Eagle claims that Defendants conspired with Mapp, acting in his individual capacity (*see* Complaint, ¶ 117), as well as with VIPA to accomplish their monopolistic objectives. Further, VIPA, as a corporation, is a

*Island Airlines, LLC et al. v Bohlke Airlines International et al*; SX 16 CV 404
Memorandum Opinion and Order
Page 11 of 17

2020 VI Super 83U

"person" for these purposes. (*See* 11 V.I.C. § 1504). By its authorizing statute, VIPA was created as "a corporation having legal existence and personality separate and apart from the Government and the officers controlling it." (29 V.I.C. § 541(e)).

¶ 36    Plaintiffs allege that Bohlke Defendants' concerted efforts, conspiring with Mapp and VIPA, to exclude Eagle Aviation from selling jet fuel in the St. Croix market constituted an unreasonable restraint on trade or commerce. By establishing and maintaining monopoly power over the sale of jet fuel in St. Croix, Plaintiffs claim that Bohlke Defendants have conspired to seek to exclude competition, to control, fix and maintain jet fuel prices in St. Croix in violation of the Antimonopoly Act.

¶ 37    Defendants move to dismiss this count, arguing that, even accepting Plaintiffs' allegations as true, there are at least three jet fuel distributors in St. Thomas, such that BIA does not maintain a monopoly in the Virgin Islands. Because the Antimonopoly Act proscribes monopolistic practices in the territory at large, the fact that jet fuel is available in the U.S. Virgin Islands, within 40 miles of BIA's operation, means that as a matter of law there can be no finding of a violation of the Act. As a practical matter, Defendants argue that no prospective customer is constrained to purchase fuel from BIA, but rather can simply take the short flight to St. Thomas to avoid the alleged higher BIA prices. Yet, the movants' argument glosses over the statutory language that makes it a violation to maintain a monopoly "over any substantial part of trade or commerce of the United States Virgin Islands." Even if jet fuel is available in St. Thomas with no more than minor inconvenience to a customer, the St. Croix market certainly represents a substantial part of the jet fuel trade in the Virgin Islands. In furtherance of the legislature's purpose to promote unhampered growth of commerce in the territory by prohibiting monopolistic restraints of trade tending to decrease competition (*see* 11 V.I.C. § 1502), the Act proscribes the maintenance of monopoly power in any substantial part of Virgin Islands trade, even where the such trade restrictions may not adversely impact the Virgin Islands as a whole.

¶ 38    Accordingly, accepting as true the allegations of the Complaint, at the Rule 12(b)(6) Motion stage of these proceedings, Plaintiffs have alleged sufficient facts to show that the pleader is entitled to relief for violation of the Virgin Islands Antimonopoly Act. Although only Eagle Aviation alleges to be a potential competitor of BIA suffering a direct business loss under the Act with regard to the sale of jet fuel, Island Airlines claims that it suffered losses also, as a consumer

foiled in its attempt to conveniently purchase competitively priced fuel on account of Defendants' violation of the Act. Island Airlines' claim on this count will survive Defendants' Motion based on allegations of the Complaint. Because the Complaint alleges concerted action by all Bohlke Defendants in violation of the Antimonopoly Act, the Motion will be denied as to all Bohlke Defendants with regard to the claims of Eagle Aviation and Island Airlines. Plaintiff Osthaug presents no such claim of loss as the result of any violation of the Act, and Defendants' Motion will be granted as to Plaintiff Osthaug on this count.

¶ 39    Count VI: Violation of Virgin Islands Unfair Trade Practices Act 12A V.I.C. §101, et seq.

Plaintiffs allege that Bohlke Defendants' sale of jet fuel to Plaintiffs at a substantially inflated price constitutes an unconscionable trade practice. The Virgin Islands Unfair Trade Practices Act prohibits as an unconscionable trade practice any act or practice in connection with the sale of consumer goods or services that unfairly takes advantage of a consumer or results in a gross disparity to a consumer's detriment between the value the consumer receives and the price paid. *See* 12A V.I.C. § 101, 102(b).

¶ 40    By their Motion, Bohlke Defendants argue that Plaintiffs are not protected consumers under the Act, which applies specifically and only to the sale of consumer goods, a category into which jet fuel does not fit. By the statutory language, consumer goods are those goods "which are primarily for personal, household or family purposes." 12A V.I.C. § 102(c). Plaintiffs suggest it is proper to apply an expansive reading of those words. Because Island Airlines provides air charter services and medical evacuation flights to consumers traveling for personal and family purposes, including medical treatment, family visitation and shopping trips to purchase goods for their households, its purchase of jet fuel to facilitate these activities brings these transactions within the reach of the Act. Plaintiffs' creative proposed application of the Act does not conform to the actual words of the Act and, therefore, must fail.

¶ 41    Plaintiffs further argue that Bohlke Defendants' alleged false claims made to VIPA and to FAA constitute a violation of the Act's proscription against deceptive trade practices. The Act defines a deceptive trade practice as including any false, falsely disparaging, or misleading statement or representation made in connection with the sale of consumer goods or services, which has the capacity, tendency or effect of deceiving or misleading consumers, i.e. purchasers of consumer goods or services. *See* 12A V.I.C. § 102(a), (d). Plaintiffs argue in their Opposition that

*Island Airlines, LLC et al. v Bohlke Airlines International et al,* SX 16 CV 404
Memorandum Opinion and Order
Page 13 of 17

2020 VI Super 83U

Defendants' alleged false, disparaging and misleading claims to VIPA and FAA entitle them to relief for damages resulting from such deceptive trade practices. Yet, the Complaint does not allege that Defendants made any false claims to Eagle Aviation or any other prospective purchaser of BIA's jet fuel, or that statements Defendants allegedly made to VIPA and FAA deceived or misled Eagle or any consumer. Rather, the false statements allegedly made related to the fitness of Eagle to obtain the prospective certification as a fixed-base operator in St. Croix and Island Airlines' improprieties in its operation. No allegations are presented rather that any false statements were made in connection with the sale of consumer goods (a category that, as noted, does not include BIA's jet fuel). Because the sale of BIA's jet fuel is outside the statutory protection offered by the Virgin Islands Unfair Trade Practices Act to consumers regarding consumer goods and services, the Motion will be granted as to Count VI, which will be dismissed.

¶ 42    Count VIII: Defamation.

In the Virgin Islands, defamation consists of the following elements: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Chapman v. Cornwall,* 58 V.I. 431, 444 (V.I. 2013).

¶ 43    Plaintiffs allege that Bohlke Defendants repeatedly defamed Plaintiffs by making knowingly false accusations to the FAA, U.S. Customs, VIPA and others. Specifically, Plaintiffs allege that Defendants reported to the FAA that Island Airlines was conducting illegal flights and acting suspiciously, charges that resulted in an investigation that was dismissed. Plaintiffs further allege that Bohlke Defendants made a false report to Customs claiming that they had observed suspicious activities at Island Airlines; and that they wrote repeated letters to VIPA Board members making false allegations against Plaintiffs, for the purpose of preventing Eagle Aviation from obtaining a jet fuel sales concession and interfering with Island Airlines' ability to operate.

¶ 44    Defendants assert that the Complaint's allegations lack the factual specificity required for pleading defamation claims, and that the alleged falsity of these offending statements is a legal conclusion entitled to no presumption of truth. Defendants cite the lack of details set out in the Complaint with regard to the person(s) who made the alleged statements, the date(s), form, and specific content of the statements. They argue that the Complaint's allegations are simply

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 14 of 17

2020 VI Super 83U

formulaic recitations of the elements of a defamation claim that do not give Bohlke Defendants adequate notice of what statements the Plaintiffs are complaining. These deficiencies, the Motion claims, require dismissal of the defamation count.

¶ 45    However, in this notice pleading jurisdiction, Plaintiffs need only present a short and plain statement of their claim, which is deemed sufficient if it adequately alleges facts to put Bohlke Defendants on notice of the claims brought against them. V.I. R. Civ. P. 8(a)(2); *Mills-Williams v. Mapp*, 67 V.I. at 585. The specificity sought by Defendants is available to them through discovery. Thereafter, the truth or falsity of an alleged defamatory statement may generally be determined by the factfinder, not by the Court as a matter of law.

¶ 46    Defendants also claim that certain of the alleged defamatory statements must be accorded absolute privilege, as with statements to law enforcement officials to report purported violations of criminal law. *See Illaraza v. Hovensa, LLC*, 73 F. Supp. 3d 588, 604 (D.V.I. 2014) (citing RESTATEMENT (SECOND) OF TORTS § 587 (1977)). Defendants argue that the statements alleged are absolutely privileged, made to regulatory or law enforcement agencies. Alternatively, Defendants claim that the statements in issue are conditionally privileged as statements made to third party regulatory agencies charged with and having a common interest with Bohlkes in maintaining the safety of airports and air travel in the Virgin Islands, under circumstances reasonably leading Bohlkes to believe that the agencies were entitled to receive the information conveyed. *See id.* at 605.

¶ 47    The Motion bemoans the purported insufficiency of the factual allegations supporting the defamation claim set out in the Complaint. The determination of the issue of the validity of Plaintiffs' defamation claim cannot be made on Plaintiffs' pleading without a factual record. Whether alleged statements are false; whether they are defamatory; whether they were published and not privileged; whether Defendants were negligent or otherwise at fault in making such statements; and whether Plaintiffs suffered harm as a result are all questions of fact to be addressed in the determination of whether Plaintiffs' defamation claim can survive. It is premature to make that determination at the pleading stage of this litigation.

¶ 48    Plaintiffs present their defamation claims without providing details, not only as to which Defendant made what statement, when, and to whom, but also as to which of the Plaintiffs was allegedly defamed. Allegations of the Complaint are uniformly lacking in specificity: Defendants

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 15 of 17

2020 VI Super 83U

made knowingly false claims to FAA, including false claims that Island Airlines was involved in an illegal charter (Complaint, ¶ 47); and that Island Airlines was conducting illegal flights (*id.* ¶ 51). Defendants made a false report to Customs, falsely claiming observation of suspicious activities at Island Airlines (*id.* ¶¶ 57, 143). Defendants reported false claims to FAA that Plaintiffs, including Island Airlines, had illegal flights and suspicious actions (*id.* ¶ 142).

¶ 49     At this stage, the Complaint's allegations of defamation are taken as true, and all reasonable inferences that maybe drawn from those allegations favor Plaintiffs. The Complaint alleges that Osthaug participated in the business operations of the Plaintiff entities. Because the alleged defamatory statements relate to those operations and their propriety, it may be inferred that those statements relate to actions of Plaintiff Osthaug. As such, it cannot be said at this stage of the litigation that Plaintiffs, including Osthaug, who alleges personal damages, must be precluded from moving forward; and each Plaintiff may attempt to prove individual claims of defamation, and the Motion will be denied as to all parties as to Count VIII.

¶ 50     <u>Count X: Conspiracy to Violate 14 V I C § 461 to Access Computer for Fraudulent Purposes.</u>

Plaintiffs allege that Bohlke Defendants and Johnson conspired to violate the provision of the Virgin Islands criminal code that states:

> (a) Whoever knowingly and intentionally directly or indirectly accesses or causes to be accessed any computer, computer system, or computer network for the purpose of:
>> (1) knowingly and intentionally devising or executing any scheme or artifice to defraud;
>> (2) obtaining money, property, or services by means of false or fraudulent pretenses, representations, or promises; or
>> (3) damaging, destroying, altering, deleting, or removing any program or data contained in it in connection with any scheme or artifice to defraud, shall be guilty of a felony and shall be subject to the penalties set forth in section 467 of this chapter."

14 V.I.C. § 461.

¶ 51     Plaintiffs allege that Bohlke Defendants conspired with Johnson to hire Johnson away from Island Airlines and to have him steal his former employer's confidential corporate records and information for the purpose of interfering with Plaintiffs' contracts and prospective business relations. They assert that Bohlke Defendants encouraged Johnson to access Island Airlines' computers to obtain the confidential information to assist them in interfering with Plaintiffs'

*Island Airlines, LLC et al. v Bohlke Airlines International et al; SX 16 CV 404*
Memorandum Opinion and Order
Page 16 of 17

2020 VI Super 83U

business, knowing that Johnson's actions were a breach of his duty as a former Island Airlines' employee.

¶ 52    Defendants note that a violation of the statute requires a showing of a fraudulent purpose and asserts that Plaintiffs' Complaint does not allege such a fraudulent purpose, and does not allege that any fraudulent statements were made by Defendants, intended to defraud Plaintiffs. However, Plaintiffs allege that Defendants knowingly conspired to access Island Airlines' computers by means of false pretenses for their own business advantage. Plaintiffs have pled sufficient facts to allege that Johnson accessed Island Airlines' computers under the false pretenses, after resigning his employment and knowing that such access was no longer allowable. Plaintiffs allege that Bohlke Defendants conspired with Johnson to achieve that unauthorized access to Island Airlines' computers and information, setting forth a sufficient statement of the claim to show that Island Airlines is entitled to relief. As such, the Motion will be denied with respect to Island Airlines' claim that Bohlke Defendants conspired with Johnson to violate 14 V.I.C. §461. Neither Plaintiff Eagle Aviation nor Plaintiff Osthaug has presented such a claim and the Motion will be granted as to Count X against those Plaintiffs.

## CONCLUSION

¶ 53    In reconsidering Bohlke Defendants' Rule 12(b)(6) Motion, all material allegations of Plaintiffs' Complaint are accepted as true and construed in the light most favorable to Plaintiffs, in whose favor all reasonable inferences are drawn. The Complaint will not be dismissed if it presents a short and plain statement of Plaintiffs' claims showing they are entitled to relief, and adequately alleges facts to put Defendants on notice of the claims brought against them. Applying this standard, for the reasons set forth above, it is hereby

ORDERED that Defendants' Motion to Reconsider will be GRANTED in part and DENIED in part, as follows:

Count I: The Motion is granted as to claims of Plaintiff Osthaug against Bohlke Defendants, which are dismissed; otherwise, the Motion is denied as to Count I;

Count II: The Motion is granted as to claims of Plaintiff Osthaug against Bohlke Defendants, which are dismissed; otherwise, the Motion is denied as to Count II;

Count III: The Motion is granted as to claims of Plaintiff Eagle Aviation, LLC and of Plaintiff Osthaug against Bohlke Defendants, which claims are dismissed; otherwise, the Motion is denied as to Count III;

*Island Airlines, LLC et al. v Bohlke Airlines International et al;* SX 16 CV 404
Memorandum Opinion and Order
Page 17 of 17

2020 VI Super 83U

Count IV: The Motion is granted as to claims of Plaintiff Osthaug against Bohlke Defendants, which are dismissed; otherwise, the Motion is denied as to Count IV;

Count VI: The Motion is granted as to all claims and Count VI is dismissed;

Count VIII: The Motion is denied as to all claims in Count VIII; and

Count X: The Motion is granted as to claims of Plaintiff Eagle Aviation, LLC and of Plaintiff Osthaug against Bohlke Defendants, which are dismissed; otherwise, the Motion is denied as to Count X. It is further

ORDERED that Defendants William Bohlke, Jr., William R. Bohlke and Bohlke International Airways, Inc.'s shall each file their Answer to Plaintiff's First Amended Complaint within 14 days from the date of entry of this Order. It is further

ORDERED that rulings on Plaintiffs' Motion to Enter Scheduling Order; Plaintiffs' Motion to Compel Answers to Written Discovery; and Plaintiffs' and Defendants' VIPA and Mapp Joint Motion for Dismissal Pursuant to Rule 41(a)(2) will be entered when the pleadings are complete.

DATED: September 16, 2020.

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____

Court Clerk Supervisor
9/16/20

Distribution List:

Lee J. Rohn, Esq.
Charles E. Lockwood, Esq.
Jennifer P. Brooks, Esq.